# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEVON DION MANNINGS, ) | | 1:12-cv-02038 GSA PC |
| ) | | |
| Plaintiff, ) | | ORDER REQUIRING PLAINTIFF TO |
| ) | | FILE AMENDED COMPLAINT OR |
| v. ) | | NOTIFY COURT OF WILLINGESS TO |
| ) | | PROCEED ONLY ON CLAIMS |
| ) | | FOUND TO BE COGNIZABLE |
| C/O PALERMO, et al., ) | | |
| ) | | RESPONSE DUE IN THIRTY DAYS |
| Defendants. ) | | |
| ) | | |

## I. Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on March 1, 2013. (ECF No. 9.)

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

**A.     Summary of Complaint**

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at California State Prison Lancaster. Plaintiff brings this action against defendant correctional officials employed by the CDCR at North Kern State Prison (NKSP). The events at issue in this lawsuit occurred while Plaintiff was housed at NKSP. Plaintiff names the following individual defendants: Correctional Officer (C/O) Palermo; C/O Tyler; Lieutenant Smith; Nurse Kranrod; Captain Daveiga.

Plaintiff alleges that on March 13, 2012, he was escorted from his housing unit by Defendant Palermo. Plaintiff asked Palermo why he was being moved. Palermo informed Plaintiff that he was being moved to a "lock-down building." Plaintiff again asked why he was being escorted from his cell. Palermo "refused to respond further." Plaintiff asked Palermo to speak to his superior. Palermo responded by directing Plaintiff to get down into a prone position. Plaintiff complied and was handcuffed.

Palermo called for assistance.  Defendant Tyler responded.  Tyler and Palermo "then snatched plaintiff roughly, pulling him in opposite directions causing plaintiff's shirt to choke him."  Plaintiff  responded by "allowing his body to go completely limp."  Plaintiff was "dragged" to the Program Office and forced back into a prone position.  Lt. Smith was summoned.

In response to Lt. Smith's question, Plaintiff "began explaining what the problem was as he perceived it."  Smith yelled at Plaintiff, telling him to spit out the tooth pick that was in his mouth.   Smith ordered Tyler to pepper spray Plaintiff.  Plaintiff alleges that:

> As soon as plaintiff saw the canister nozzle pointed at his face he instantly began repeatedly yelling that he is an epileptic who suffers from severe seizures which are also instigated by pepper spray.  Defendant Tyler sprayed plaintiff directly in his face, twice, while plaintiff was still cuffed and in a prone position.  Plaintiff immediately began seizing and woke up hours later in the TTA clinic restrained to a bed."

 (Compl. ¶¶ 22-24.)

Plaintiff alleges that Defendant Daveiga, "by his acts and omissions supported the acts and omissions of his subordinate defendants which adversely affected plaintiff."  Plaintiff alleges that Defendant Kranrod did not properly treat plaintiff's severe reaction to the pepper spray, and filed a false medical report, stating that Plaintiff suffered no actual injuries.  Plaintiff alleges that "throughout the reports of other defendants," he learned that he was foaming at the mouth and seizing once he was sprayed.

### B. **Eighth Amendment Claims**
#### 1. **Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  <u>Hudson</u>, 503 U.S. at 7.  Although de minimis uses of force do not

violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff's allegations describing the incident of physical force on March 13, 2012, are sufficient to give rise to a claim for relief against Defendants Smith, Tyler and Palermo for use of excessive physical force.

### 2. Denial of Medical Treatment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires a plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

The Court finds that the allegations at to Defendant Kranrod are vague. Plaintiff alleges that he falsified a medical report, and that Plaintiff later learned that, at the time he was sprayed, he suffered a seizure, foaming at the mouth. Plaintiff does not specifically allege what specific injury he had when he presented to Defendant Kranrod, and how Kranrod's actions injured Plaintiff. Kranrod was not present when Plaintiff was pepper sprayed. An allegation of a falsified medical report, with nothing else, fails to state a claim for relief. Plaintiff must allege facts indicating that Kranrod knew of a particular harm to Plaintiff and acted with deliberate indifference to that harm. Taking the facts of the complaint as true, Plaintiff alleges that he was injured by Defendants Smith, Tyler and Palermo, and that Kranrod falsified a medical report. These facts are insufficient to state a claim for relief.

///

4

### C.   Supervisory Liability

Plaintiff also names as defendants Captain Daveiga and Warden Vasquez. Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff has failed to allege any facts indicating personal participation by either Daveiga or Vasquez.

### III.   Conclusion and Order

Plaintiff's complaint states claims under the Eighth Amendment against Defendants Smith, Tyler, and Palermo for use of excessive physical force. The complaint does not state any other cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward to Plaintiff three summonses and three USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an

original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Smith, Tyler and Palermo for use of excessive physical force; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

Dated: **January 17, 2014**                              **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE