UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON DION MANNINGS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>C/O PALERMO, et al.,<br><br>　　　　　Defendants. | 1:12-cv-02038-AWI-GSA-PC<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO MODIFY SCHEDULING<br>ORDER<br>(Doc. 24.)<br><br>ORDER EXTENDING DISPOSITIVE<br>MOTIONS DEADLINE FOR ALL PARTIES<br>TO THIS ACTION<br><br>**New Dispositive Motions Deadline:   06/08/15** |

**I.     BACKGROUND**

　　Devon Dion Mannings ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action at the United States District Court for the Southern District of California on December 6, 2012. (Doc. 1.)  The case was transferred to the Eastern District of California on December 13, 2012. (Doc. 4.)  This action now proceeds with the original Complaint, against defendants Palermo, Smith, and Tyler ("Defendants") for use of excessive force in violation of the Eighth Amendment.[1]

---

[1] On February 27, 2014, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim under § 1983.  (Doc. 12.)

On May 29, 2014, the court issued a Scheduling Order establishing pretrial deadlines for the parties, including a deadline of April 9, 2015 to file pretrial dispositive motions. (Doc. 17.) On April 8, 2015, defendants Palermo and Tyler filed a motion to extend the dispositive motions deadline. (Doc. 24.) On April 8, 2015, defendant Smith filed a joinder to the motion. (Doc. 27.)

## II.   MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Defendants seek an extension of the dispositive motions deadline for this case. Defendants assert that they have diligently attempted to complete all the work in preparation of filing a dispositive motion, but due to the complexities of the case, defense counsel's other obligations, and the need to substitute new counsel for defendant Smith, they will be unable to meet the April 9, 2015 deadline.

The court finds good cause to extend the dispositive motions deadline in this action until June 8, 2015. Thus, good cause appearing, Defendants' motion to modify the Scheduling Order shall be granted.

## III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the Court's Scheduling Order, filed on April 8, 2015, is GRANTED;

2. The deadline for filing and serving pretrial dispositive motions is extended from April 9, 2015 to **June 8, 2015** for all parties to this action; and

4. All other provisions of the court's May 29, 2014 Scheduling Order remain the same.

IT IS SO ORDERED.

   Dated:   **April 9, 2015**                    **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE